**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Howard McDougall, trustee, Plaintiffs,**

v.

**Kent I. TURNER, Kenneth E. Turner and Doris Turner, Defendants.**

No. 97 C 1767.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 7, 1997.

Thomas Maurice Weithers, Terence George Craig, James Patrick Condon, Central States Law Dept., DesPlaines, IL, for Plaintiffs.

Doris Turner, Westport, KY, pro se.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the court on plaintiffs' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Motion granted.

## I. BACKGROUND [1]

Plaintiff Central States Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37) and § 1301(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Howard McDougall is a trustee of the Pension Fund.

Defendants Kent I. Turner, Kenneth E. Turner, and Doris Turner are general partners of Turner Expediting Service. Turner Expediting Service is a Kentucky general partnership which has filed for relief under the Bankruptcy Code. None of the three defendant general partners has filed for bankruptcy relief in their individual capacities.

Turner Expediting Service was subject to a collective bargaining agreement ("CBA") executed with Teamster Local Union No. 89. Turner Expediting Service was required to make contributions to the Pension Fund when its employees worked pursuant to the terms and conditions of the CBA.

On September 24, 1996, the Pension Fund determined that Turner Expediting Service permanently ceased to have an obligation to contribute to the Pension Fund under the CBA. Turner Expediting Service thereby effected a "complete withdrawal" from the Pension Fund within the meaning of § 4203 of the ERISA, 29 U.S.C. § 1383.

Consequently, the Pension Fund issued a notice and demand for payment of the withdrawal liability in the amount of $17,612.14 for Turner Expediting Service's pro rata share of the Pension Fund's unfunded vested liability. The amount of the liability was payable in a lump sum or in monthly payments of $3,407.29. Turner Expediting Service received notice of the liability on November 4, 1996.

Because no payments were received, the Pension Fund issued a past due notice and demand for withdrawal liability pursuant to

1. Defendants' response to plaintiffs' motion for summary judgment was due on September 10, 1997. Not having received the response, on September 19, 1997, the court ordered defendants to file a response by October 3, 1997. If the response was not received by that date, the court informed defendants that it would rule on the motion without a response. No response has been received. Accordingly, the facts listed in Plaintiffs' Local General Rule 12(M) Statement are deemed true.

§ 4219(c)(5)(A) of the ERISA, 29 U.S.C. § 1399(c)(5)(A). Turner Expediting Service received the past due notice on January 2, 1997.

Turner Expediting Service never requested review of the withdrawal liability determination pursuant to § 4219(b)(2)(A) of the ERISA, 29 U.S.C. § 1399(b)(2)(A). Nor did it initiate arbitration of its withdrawal liability assessment within the time period specified by § 4221(a)(1) of the ERISA, 29 U.S.C. § 1401(a)(1). To date, the Pension Fund has not received any payments from Turner Expediting Service.

## II. SUMMARY JUDGMENT—STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist,* 833 F.2d 639 (7th Cir.1987).

## III. DISCUSSION

■ The Pension Fund and McDougall seek summary judgment against defendants in their individual capacities for the amount of the withdrawal liability ($17,612.14) plus interest, fees, costs, liquidated damages, and attorneys' fees.[2] For the reasons discussed below, the motion is granted.

When an employer withdraws from a multiemployer plan, the plan determines the amount of the employer's withdrawal liability, notifies the employer of this amount, and collects the amount from the employer. 29 U.S.C. § 1382. Here, Turner Expediting Service withdrew from the multiemployer plan. Consequently, the Pension Fund determined the amount of the withdrawal liability as $17,612.14, notified the employer of the liability twice, and, of course, is now attempting to collect that amount. Defendants failed to pay the requested amount.

If the employer disputes the amount of the withdrawal liability, the dispute "shall be resolved through arbitration." 29 U.S.C. § 1401(1). Here, Turner Expediting Service never initiated the arbitration process.

If the employer fails to initiate the arbitration process—as Turner Expediting Service did here—the "amounts demanded by the plan sponsor ... shall be due and owing...." 29 U.S.C. § 1401(b)(1). Accordingly, the amount of $17,612.14 demanded by the Pension Fund is due.

■ Although the Pension Fund originally permitted the amount of the withdrawal liability to be paid in monthly installments, "in the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability." 29 U.S.C. § 1399(c)(5). A "default" occurs if the employer fails to make any payment if the failure is not cured within 60 days after the employer receives written notification of the failure to pay. Here, defendants are in default; they were sent notice

**2.** Because the general partnership is in bankruptcy, it is not a party to this action. The partnership is a general partnership under the laws of Kentucky. Pursuant to KY. REV. STAT. ANN. § 362.220(1)(a), "all partners shall be liable jointly and severally for everything chargeable to the partnership." The "automatic stay"—pursuant to 11 U.S.C. § 362 of the Bankruptcy Code—which protects the partnership—Turner Expediting Service—does not, however, protect the partners in their individual capacities. *See United States v. Wright,* 57 F.3d 561, 562 (7th Cir.1995) ("The automatic stay does not apply to ... partners....").

and have not made any payment well beyond the 60 day period, Accordingly, defendants are immediately liable for the full amount of the withdrawal liability.

Moreover, under 29 U.S.C. § 1451(b), withdrawal liability cases are treated as delinquent employer contribution cases under 29 U.S.C. § 1145. Because withdrawal liability cases are treated as § 1145 cases, under 29 U.S.C. § 1132(g)(2), the Pension Fund "shall" be awarded interest on unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages (as determined by § 1132(g)(2)(C)(ii)), reasonable attorneys' fees, and costs. Accordingly, the Pension Fund is directed to submit documentation supporting its position as to the amount of § 1132(g)(2) "relief" it is entitled.

## IV. CONCLUSION

Summary Judgment as to liability is granted in favor of plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, and against defendants, Kent I. Turner, Kenneth E. Turner and Doris Turner. Plaintiffs are given to October 17, 1997, to submit by affidavit an itemization of claimed damages in addition to $17,612.14 withdrawal liability including interest, liquidated damages, attorneys' fees and costs.